FOSTER *v.* MASTER AND WARDENS OF THE PORT OF NEW ORLEANS.

The act of the legislature of Louisiana, approved March 6, 1869, in relation to the survey of the hatches of every sea-going vessel arriving at New Orleans, and of the damaged goods coming on board of her, &c., being a regulation of commerce with foreign nations and among the several States, is in violation of the Constitution of the United States, and therefore void.

ERROR to the Supreme Court of the State of Louisiana.

The facts are stated in the opinion of the court.

Submitted on printed arguments by *Mr. H. J. Leovy* for the plaintiff in error. No counsel appeared for the defendants in error.

MR. JUSTICE SWAYNE delivered the opinion of the court.

This controversy has arisen out of an act of the legislature of Louisiana, approved March 6, 1869. By the first section it was made the duty of the master and wardens of the port of New Orleans to offer their services to make a survey of the hatches of all sea-going vessels which should arrive at that port, and a penalty was prescribed for the neglect of this duty. The second section declares " that it shall be unlawful for any person other than the said master and wardens, or their legally constituted deputy, to make any survey of the hatches of sea-going vessels coming to said port of New Orleans, or to make any survey of damaged goods coming on board of such vessels, whether such survey be made on board or on shore, or to give certificates on orders for sale of such damaged goods at auction, or to do any other of the acts and things prescribed by law for said master and wardens to do and perform; and the person doing such illegal and forbidden acts, his instigators and encouragers, shall be liable and bound to pay *in solido* to the said master and wardens $100, with damages and costs, for each of said illegal and forbidden acts so done."

The petition avers that Foster resides in the city of New Orleans, and has been and is continually violating the provisions of the act by making surveys of the hatches of sea-going vessels arriving at that port, and of damaged goods, and has

been and is engaged in acting as, and performing the duties which belonged to, the master and wardens of the port.

An injunction was prayed for. It was granted by the lower court, and the judgment was affirmed by the Supreme Court of the State. A writ of error was thereupon sued out by Foster, and the case is thus brought before this court for review.

The defendants in error have failed to enter their appearance, and no brief in their behalf has been submitted. We shall, therefore, devote but few remarks to the case.

The Constitution of the United States, art. 1, sect. 8, gives to Congress the power "to regulate commerce with foreign nations, and among the several States, and with the Indian tribes."

That the provisions of this act are regulations of both foreign and inter-state commerce is a proposition which requires no argument to support it. They are a clog and a blow to all such commerce in the port to which they relate. Their enactment involved a power which belongs exclusively to Congress, and which a State could not, therefore, properly exercise. In *Steamship Company* v. *Port Wardens*, 6 Wall. 31, it was held that a statute of a State enacting that the master and wardens of a port within it should be entitled to demand and receive, in addition to other fees, the sum of five dollars, whether called on to perform service or not, for every vessel arriving in that port, was a regulation of commerce, and was unconstitutional and void. If the constitutional objection was well taken there, *a multo fortiori* is it fatal here. The act is not, in the sense of the Constitution, an inspection law. The object of such laws is to certify the quantity and value of the articles inspected, whether imports or exports, for the protection of buyers and consumers. *Gibbons* v. *Ogden*, 9 Wheat. 203; *Brown* v. *Maryland*, 12 id. 419; *Clintsman* v. *Northrup*, 8 Cow. 46; Bouv. Law Dict. "Inspection;" Story's Const. sects. 1017. 1024; *Neilson* v. *Garza*, 2 Woods, 290. The purpose of this act is to furnish official evidence for the parties immediately concerned, and, where the goods are damaged, to provide for and regulate their sale. *Master and Wardens* v. *Ship Hawes*, 6 La. Ann. 390.

Besides the unreason and the oppressive character of the

act as regards ship-owners and consignees, it is an invasion of the rights of persons outside of these classes. If such a monopoly, sustained by such sanctions, may be validly given to the master and wardens, why may they not also, at prices not agreed upon by the parties, nor according to the market value, but at rates arbitrarily fixed by law, be authorized exclusively to load and unload ships, to furnish them with all needful supplies, and to perform all the services of consignees, commission merchants, and ship-brokers, touching incoming and outgoing cargoes? Each of these imagined cases is a parallelism to the case before us, and only another step in the same direction.

We hold the statute to be void.

In expressing these views, we have no purpose to impugn any thing heretofore said by this court as to the power of the States to establish inspection, quarantine, health, and other regulations, within the sphere of their acknowledged authority. The constitutional validity of such regulations is as clear as the power of Congress to establish regulations of commerce. It is no objection to the former that both operate upon the same subject. *Gilman* v. *Philadelphia*, 3 Wall. 713; *Ex parte McNeil*, 13 id. 236.

*Judgment reversed, and the cause remanded with directions to dismiss the petition.*