JOHN CURTIN, PLAINTIFF IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK, DEFENDANTS IN ERROR.

*Constitution of the United States — chapter 87 of 1881 prohibiting the assumption of the title of port warden by persons not appointed to that office, is not a violation of it.*

Chapter 87 of 1881 forbidding the assumption of the title of port warden by persons not duly appointed to that office is constitutional and valid.

*Foster* v. *Master* (94 U. S. R., 246) distinguished.

WRIT OF ERROR to review the judgment of the Court of General Sessions, in and for the city and county of New York, entered upon a verdict convicting the plaintiff in error of a misdemeanor in violating the provisions of chapter 87 of 1881, entitled "An act to forbid the assumption of the title of port warden by persons not duly appointed."

The plaintiff in error, a resident of the State of New Jersey, was appointed a port warden of the State of New Jersey by the governor of that State on the 5th day of April, 1878, under an act entitled "An act to authorize the appointment of port wardens in certain cities of this State."

For the transaction of his business as sail manufacturer the plaintiff in error occupied the loft of the building No. 98 West street, in the city of New York, where, as appointee of the governor of the State of New Jersey, he exercised his powers of port warden of that State under the commission of its governor.

On the 8th day of April, 1881, the "Act to forbid the assumption of the title of port warden by persons not duly appointed" was

passed by the legislature of this State, and under this act the plaintiff in error was indicted, brought to trial, convicted and sentenced to be imprisoned in the penitentiary for the term of three months. At the close of the trial a motion was made in arrest of judgment and for a new trial, which motion was denied, to which the plaintiff in error duly excepted.

It is claimed on the part of the plaintiff in error that chapter 87 of 1881 is in violation of the Constitution of the United States, which gives to congress the power to " regulate commerce with foreign nations, and among the several States and with the Indian tribes," and of the provision that' " the citizens of each State shall be entitled to all the privileges and immunities of citizens of the. several States."

*Leon Abbett*, for the plaintiff in error.

*George Bliss*, for the people.

DANIELS, J.:

The plaintiff in error was charged in the indictment and convicted on the trial of a misdemeanor for violating the prohibitions contained in chapter 87 of the Laws of 1881, and the proof given upon the trial, as it was derived from himself and the other witnesses examined in the case, clearly established all the circumstances required to present a violation by him of this act, and the other proof offered and rejected would in no manner have affected the result if it had been received by the court. He was, therefore, properly convicted if the act itself was a constitutional exercise of legislative authority. It has been urged that it was not, mainly upon the effect of *Foster* v. *Master*, etc. (94 U. S. R., 246). But the determination then made in no manner affected or restricted the power of the legislature to prohibit persons from acting as port wardens. By that decision it was held that the legislature could not create the office with the functions attached to it, provided for by the act then before the court; and that was all that the court at that time undertook to determine.

If that decision is entitled to any weight in the disposition of the present case it must be unfavorable to the defendant, for as long as

the legislature could not constitutionally create the office, as it appeared there to have been done, it would follow that it could prohibit persons from exercising its functions; and that is all that was intended to be accomplished by the act of 1881.

The circumstance that it was made to extend no further than it does by the legislature will in no manner detract from or abridge its authority so far as it was rendered effective. To that extent it was a proper exercise of legislative power, and it clearly included the case as it was made out against the defendant.

As a citizen of the State of New Jersey he was not authorized to hold himself out in this State as a port warden, or to exercise the authority which might appertain to such an office, because the act did not also in terms deprive the citizens of this State of the same right, for the right to exercise the functions of such an office was not created by the simple circumstance that the person doing so should be a citizen of this State. But if it was possessed at all it could only be derived from a legal appointment to the office itself.

It was not, therefore, a privilege to which the citizens of this State were as such entitled, and accordingly it could not be within the provision of the Constitution of the United States securing to the citizens of each State the privileges and immunities of citizens of the several States. The fact that the defendant did not know of the passage of the act of 1881 would not relieve him from the obligation of complying with its provisions. All persons are required to know the law and to obey its directions. These are the only points required to be considered for the disposition of this case, and as neither of them can be sustained as they have been presented, the conviction of the defendant was fully warranted and it must accordingly be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed.